UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,
v.                              Case No. 8:14-cv-995-T-33TGW

ABE CUESTA, A/K/A ABRAM CUESTA,
D/B/A QUALITY CATTLE,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Abe Cuesta's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12 (b)(1), filed on November 5, 2014. (Doc. # 39). Plaintiff United States of America filed a response in opposition thereto on November 18, 2014. (Doc. # 42). For the foregoing reasons, the Court denies the Motion.

**I.  Background**

The United States, on behalf of the Secretary of Agriculture, initiated this action on April 25, 2014, alleging violations of the Packers and Stockyard Act of 1921 (the Act), as amended, 7 U.S.C. §§ 181 et seq. (Doc. # 1). In particular, the United States asserts that Cuesta violated the Act by failing to timely file his 2009 Annual Report of Dealer or Market Agency (Count I), 7 U.S.C. § 222 and 9 C.F.R.

§ 201.97, and for continuing to operate as a dealer with an expired registration (Count II), 7 U.S.C. § 203. On November 5, 2014, Cuesta filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1)[1] (Doc. # 39), which is now ripe for the Court's review.

## II. Legal Standard

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, the Court may look outside

---

[1] The Court notes that Cuesta filed the present Motion pursuant to Fed. R. Civ. P. 12(b)(1). Accordingly, the Court limits its analysis to this issue and declines to construe Cuesta's Motion as asserting issues that pertain to Fed. R. Civ. P. 12(b)(6).

2

the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

### III. Analysis

The Packers and Stockyard Act regulates the conduct of packers, swine dealers, live poultry dealers, stockyard owners, market agencies, and dealers, imposing certain affirmative requirements on these entities and proscribing certain conduct by them. See 7 U.S.C. §§ 181 et seq. The Grain Inspection, Packers and Stockyards Administration of the United States Department of Agriculture (USDA) is responsible for administering and enforcing the Act, and investigating unfair and anti-competitive practices in these markets.

By way of the present Motion, Cuesta argues that "Plaintiff fails to establish that [he] falls within the

jurisdiction of the Act, making any violations of the Act inapplicable and therefore moot." (Doc. # 39 at 6). Specifically, Cuesta contends that: (1) "he does not act in the stream of commerce" and (2) he "does not meet any of the statutory definitions of a person or entity covered by the Act." (Id. at 6-7). Cuesta supports his Motion with an affidavit explaining that he "did not know [he] was required to obtain a bond because [he is] a subsistence farmer and not a commercial farmer." (Doc. 39-1 at 2).

In response, the United States points out that, in his most recent submission to the USDA in 2009, Cuesta indicated that he purchased over $50,000 of livestock "on a dealer basis." (Doc. # 42 at 8; Doc. # 42-1). On January 26, 2007, the agency registered Cuesta as a dealer and assigned him a registration number. (Id.). The United States avers that Cuesta has provided no evidence to suggest that his activities have changed. (Id.). Further, irrespective of his economic activity, Cuesta's buying and selling of livestock at stockyards constitutes activity subject to regulation under the Act. (Id. at 10-11).

Under the Act, a "dealer" is "any person . . . engaged in the business of buying or selling in commerce livestock,

4

either on his account or as the employee or agent of the vendor or purchaser." 7 U.S.C. § 201. With regards to the "in commerce" component, the statute sets forth the following:

> [A] transaction in respect to any article shall be considered to be in commerce if such an article is part of that current of commerce usual in the live-stock and meat-packing industries, whereby live stock . . . are sent from one State with the expectation that they will end their transit, after purchase, in another including, in addition to cases within the above general description, all cases where purchase or sale is either for shipment to another State, or for slaughter of live within the State and the shipment outside the State of the products resulting from such slaughter.

7 U.S.C. § 183.

Upon due consideration, the Court finds that the United States has sufficiently alleged that Cuesta and his actions are subject to regulation under the Act. Therefore, the Court denies Cuesta's Motion as this Court has subject matter jurisdiction over the present action.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Abe Cuesta's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12 (B)(1) (Doc. # 39) is **DENIED.**

(2) Cuesta is directed to file an answer to Plaintiff's Complaint on or before **December 8, 2014.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record